CHARLES B. MYERS, as Administrator, etc., Respondent, v. JAMES CRONK, as Administrator, etc., Appellant.

E., plaintiff's decedent, was the owner at the time of her death, which occurred in 1878, of a promissory note executed by H., her husband, defendant's intestate, which, by its terms, fell due in May, 1873. E. left a will, by which she bequeathed the note to certain persons named. H. proposed to the legatees that in case payment was not required, he would upon his death will all his property to them. The note was thereupon surrendered to him; he died intestate in 1883. The will of E. was thereafter probated and letters of administration, with the will annexed, issued to plaintiff. On reference under the statute of a claim based upon the note, *held*, that if there was a valid agreement between H. and those to whom the note was bequeathed, then his estate was not liable upon the note, but only for a breach of the contract agreement, which cause of action belonged to the legatees, not to plaintiff; if the agreement was invalid, then H. remained liable on the note simply, and the statute of limitations was a bar; that defendant was not estopped by the agreement from setting up the bar of the statute, as plaintiff represented none of the parties and was an entire stranger thereto.

(Argued April 24, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 3, 1887, which modified, and affirmed as modified, a judgment in favor of plaintiff, entered upon the report of a referee.

This was a reference under the statute of a disputed claim against the estate of defendant's intestate. The claim presented, so far as material here, was as follows:

" The estate of Hiram A. Ferguson, deceased, to Charles B. Myers, administrator, etc., with the will annexed, of Evaline B. Ferguson, deceased, *Dr.*, to promissory note, of which the following is a copy:

"TROY, *May* 10, 1873.

" $600.

" One year after date I promise to pay to Evaline B. Ferguson, or bearer, six hundred dollars, with interest, at ————. Value received.

"HIRAM A. FERGUSON."

The facts found by the referee were, in substance, these :

Evaline B. Ferguson died June 8, 1878. She owned and held at that time a promissory note executed by Hiram A. Ferguson for $600, dated May 10, 1873, payable one year from date. She left a will, by which she bequeathed the note to certain persons named, which will was delivered to her said husband by one of the witnesses in whose possession it was placed by the testatrix. After the death of said Hiram A. Ferguson the note was found among his papers, having been surrendered and left with him under the proposal and promise set forth in the report as follows :

"That on the 9th of June, 1878, at Troy, the said Hiram A. Ferguson * * * after reading said will then and there, and at different times afterwards, proposed and promised, in substance and to the effect, that if the said legatees above-named would permit him to keep * * * the amount due to the said legatees, as designated in said will * * * during his life, and not cause the said will to be probated, and permit the estate of his said wife to remain in his hands without being administered upon so far as said legacies were concerned, then, and in that case, the said legatees should, at his death, have the whole of his estate then remaining, divided between them share and share alike, and should also receive the said amount due them severally under the said will of his wife, and that he would make and leave a will at his death to that effect.

"That the said legatees accepted said proposition and promise so made, as aforesaid, by the said Hiram A. Ferguson and consented thereto, and relying thereon, and acting upon the faith thereof, fully performed what was required of them as the conditions of such proposal and promise, and did not require of said Ferguson the legacies so due to them, as aforesaid, * * * and surrendered the said note of six hundred dollars to the said Ferguson, who received and retained the same * * * as above, and no part thereof has, at any time been paid to or received by the said legatees, or either of them, from the said Hiram A. Ferguson.

"That the said legatees, at the request of said Hiram A. Ferguson, in compliance with the proposition made by him as aforesaid, and relying upon the promise made by him as hereinbefore stated, did not cause the said will of Evaline B. Ferguson to be probated, or her estate to be administered upon, or the amount due them thereby to be collected of or paid by the said Ferguson during his lifetime."

Ferguson died August 10, 1883, intestate. On or about the 22d day of October, 1883, plaintiff was duly appointed administrator, with the will annexed, of the said Evaline B. Ferguson.

The referee found that plaintiff was entitled to judgment for the amount of the note, with interest. The judgment was modified by the General Term by striking out this amount.

*Edgar T. Brackett* for appellant. The note was presumptively a legal and valid debt of defendant's intestate, notwithstanding it was executed by a husband to his wife. (*Benedict* v. *Driggs*, 34 Hun, 94.) An agreement of one upon consideration to make a will in favor of another is valid. (*Sherman* v. *Scott*, 27 Hun, 331, 333; *Peck* v. *Vandemark*, 99 N. Y. 29; *Todd* v. *Weber*, 95 id. 181; *Robinson* v. *Raynor*, 28 id. 494; *Lamport* v. *Beaman*, 34 Barb. 239; *Palmer* v. *North*, 35 id. 282; *Beckwith* v. *Brackett*, 97 N. Y. 52; *Reynolds* v. *Robinson*, 54 id. 589, 594.) The agreement was, therefore, a valid one, or, if not valid, it was void only because within the statute of frauds, not being in writing; but, in either case, the defendant's intestate having died, leaving no will as he had agreed to do, his neglect operated as a repudiation or rescission by him of his agreement, and thereby revived the right of action on the note which had been suspended by said agreement during the life of the defendant's intestate; and the defendant would not be allowed to set up the statute of limitations in bar of a suit on the note. (*Quackenbush* v. *Ehls*, 5 Barb. 469, 472; *Patterson* v. *Patterson*, 13 J. R. 379; *Campbell* v. *Campbell*, 65 Barb. 639, 642; *Abbott* v. *Draper*, 4 Denio, 51.) Or the plaintiff is entitled to recover on an implied promise to pay the value of

the note so delivered up to the defendant's intestate at his request, and kept by him under said agreement until it was outlawed, he having failed to pay therefor as and in the manner he had previously agreed to do. (*Moody* v. *Smith,* 70 N. Y. 598; *Erben* v. *Lorillard,* 19 id. 299; *Rickard* v. *Stanton,* 16 Wend. 25; *Rosepaugh* v. *Vandenburgh,* 16 Hun, 60.) Or plaintiff was entitled to recover the value of the note, because of an illegal and unauthorized appropriation and conversion of it by Ferguson. (*Smith* v. *Stewart,* 6 J. R. 46; *Powers* v. *Ingraham,* 3 Barb. 576.) The right of action in either form did not accrue until the death of Ferguson, and, of course, the statute of limtations was no bar to the action. (*Thurber* v. *Chambers,* 66 N. Y. 43, 48, 49.)

*Orin Gambell* for respondent. A contract cannot be made by one person alone. It takes two to make a bargain. (*S. R. R. Co.* v. *Echternacht,* 60 Am. Dec. 50.) An agreement to be binding must be mutual in its character. (*Brownley* v. *Jeffries,* 2 Vern. 415; Willard's Eq. Juris. 269; *Benedict* v. *Lynch,* 1 Johns. 370.) If it appears that one party never was bound on his part to do the act which forms the consideration for the promise of the other, the agreement is void for want of mutuality. (*Hopkins* v. *Logan,* 8 M. & W. 241; *Dorsey* v. *Packwood,* 12 How. 126; 49 N. H. 444; *Hodderson Car Co.* v. *Haslewood,* 6 C. B. [N. S.] 239; 2 C. B. 808; *Sykes* v. *Dixon,* 9 Adol. & Ellis, 693; Addison on Contracts, § 18; Parsons on Contracts, § 449; *U. R. R. Co.* v. *Brencherhoff,* 21 Wend. 139; *Lester* v. *Jewett,* 12 Barb. 502; *Myers* v. *Cronk,* 45 Hun, 401, 404.)

PECKHAM, J. We think there are no merits in this appeal. It has been very properly said at the General Term that if the alleged agreement were made between the Myers heirs and the defendant's intestate in 1878, and if it were a valid agreement, then the defendant is not liable on the note, because under a valid agreement the note was surrendered to the intestate; and if there were no valid agreement, then the intestate

remained liable on the note from the time it became due, and it was consequently outlawed at the time of the commencement of this action. Plaintiff insists that the contract, as found by the referee, was actually carried out by the parties, and the liability thereby created on the part of defendant's intestate, and irrespective of the statute of frauds, was a legal and valid one, and was a substitute for his original liability on the note ; and as the arrangement was carried out by the legatees, the administrator of the intestate (the defendant herein), is estopped from setting up the defense of the statute of limitations as a bar to the claim made herein upon the note.

The reasoning is, as it seems to us, absolutely without foundation. Upon the assumption of the validity of the agreement the note was extinguished long since. But it is also plain that the plaintiff represents neither of the parties to the agreement, and he is in privity with neither. The agreement was made between the defendant's intestate, on the one side, and the heirs of his deceased wife on the other. The plaintiff is, and he sues as, an administrator with the will annexed of such deceased wife, and in that capacity he is a total stranger to the whole transaction which resulted in the agreement in question. To estop the defendant, in a proceeding by such an administrator, from setting up the bar of the statute, because of an agreement theretofore made by defendant's intestate with third parties, to which agreement the plaintiff is neither a party or a privy, is to work out a new principle in the law of estoppel. Assuming the agreement to have been legal, and to have been carried out on the part of the Myers heirs, they had in that event a good cause of action against the estate of the intestate to recover damages on account of its breach by such intestate. That cause of action is not set forth here, and it does not belong to the plaintiff, as administrator with the will annexed of Mrs. Ferguson's estate, and the whole subject is foreign to this litigation. If the agreement were valid, the intestate could not, of course, rescind it or legally repudiate it. He could violate it and thus render his

estate liable for its breach, but his violation of it could not revive the right of action on the note, which had been long before that legally extinguished by its surrender pursuant to the terms of the agreement.

No case cited by plaintiff's counsel holds any such principle as that in a case like the present, the defendant administrator is estopped from setting up the defense of the statute. On the other hand, if this alleged agreement be void, the plaintiff's attitude is equally untenable. In that event all that can be said is, that the defendant's intestate and the Myers heirs entered into an agreement which was absolutely void, and which, therefore, bound no one. The plaintiff, in the capacity in which he sues, was in no way connected, even with such void agreement, and, in truth, he was not appointed until after the decease of the defendant's intestate. The fact that no administrator was appointed at an earlier date did not, however, prevent the running of the statute in the meantime.

Subsequent to his appointment, and before the commencement of this proceeding to recover on the note, the statute had run against it, and why the defendant should not be able to set it up I cannot see. There was a clear legal right at all times to prove the will of Mrs. Ferguson, and to take proceedings to collect the note, and if nothing of that kind were done because of an understanding between some parties, which was wholly void, such understanding can form no estoppel against defendant from setting up the statute in a proceeding to collect the note by the administrator with the will annexed of the estate of Mrs. Ferguson, who, in such capacity, has no connection with the agreement in question as a party to it, and who stands in no privity whatever with any one who was a party to it. Not being bound by any estoppel himself, he can claim the benefit of none, for it is familiar that estoppels, to be binding, must be mutual.

We think there is nothing in the idea that the claim in this proceeding was for the note itself as a piece of paper. It was clearly a proceeding to obtain payment of a debt evidenced by the promissory note in question. The claim itself shows

such to be the fact, and the course of the trial is also conclusive evidence thereof. To sustain the action the plaintiff offered and read in evidence the note in question, and it was objected to upon the ground that it was barred by the statute of limitations, which objection was overruled and the note offered in evidence. As the note from its date, and the absence of any indorsements of payment of interest, or any part of the principal, was apparently outlawed, the plaintiff then continued the case for the purpose of attempting to prove the agreement in question as an answer to the statute. There was, upon the trial, no pretense of a cause of action for conversion, or for the delivery of the piece of paper on which the note was written, nor do we think that any such cause was proved, even if it had been alleged. No demand or refusal was proved, and when the attempt is now made to found a cause of action on an alleged conversion of property which came properly into the hands of defendant's intestate, such proof is necessary. It is true that no such question as to the necessity of a demand, etc., was raised on the trial, but the fact is clear that upon the trial there was no occasion for it because it was not pretended or assumed, so far as this record shows, that any cause of action for a conversion of the paper upon which the note was written was alleged or attempted to be proved. When it is alleged for the first time in this court, an answer to it may for the first time be here set up.

There was no error in the disposition of the case by the General Term, and its judgment should be affirmed, with costs.

All concur.

Judgment affirmed.